I understand that counsel is present by video. So whenever you're ready, thank you, your honor. Anthony Pantuso for the appellants. May it please the court. In Pembauer v. City of Cincinnati, the Supreme Court held that a single decision made by a policymaker that resulted in the violation of a plaintiff's civil rights was sufficient to impose liability on a municipality pursuant to 42 U.S.C. section 1983. In the case at Barr, the district court held that allegations that an unconstitutional entry onto plaintiff's property by police officers pursuant to a policy promulgated by the first electmen of the town of Monroe, Connecticut, was not sufficient to impose liability on the town under section 1983. The district court concluded that plaintiffs needed to allege that the practice was widespread and persistent in order to impose section 1983 liability upon the town and thus dismissed count one of the amended complaints. Well, Mr. Pantuso, may I, this is Judge Lynch, may I ask a question? What is the factual basis in the complaint for alleging that there was a policy promulgated by Mr. Kellogg? I would refer your honor to paragraph 14 and 16 of the amended complaint, which do allege that policy itself was, that there was a policy of official policy procedure defendant to enter properties without a warrant for probable cause. Yes, excuse me, but the question is what is the basis for that? One can say there's a policy. That seems to me to be conclusory. Sometimes you can allege a policy based on the fact that there is a writing, some directive that's been sent out. Other times the policy is inferred precisely from the idea that it is persistent. The practice is persistent and widespread, so it must come from a policy rather than by the individual decisions of individual actors. So what I'm asking is where, what is, what is the basis for the generalized assertion that this is a policy? Well, your honor, the policy being widespread or the practice being persistent is only one way. Exactly. I just said that. I agree. That's one way. And I think you will agree that that way is not alleged with facts in your complaint, right? That is correct. Okay. So, so the other way is if there is some formalized policy or some reason to believe that there is a formalized policy, because unless you have one of those two things, anyone can say, oh, this person got beat up on the street, but that's pursuant to a directive by the mayor. And that would get you past the pleading stage. But I don't think that's the law under Twombly and Iqbal. And I'm asking you, why do you think, or why does the complaint say that this was not just one incident where a bunch of police officers entered without authority, but is something that was promulgated as a regular policy by the town selectmen? Well, your honor, we do not believe that we need to allege that the, uh, that the policy itself was in writing, that there was a specific directive by the first selectmen that to go ahead and enter. It's, it's, this is not a case where we're just claiming that, uh, some row police officers went off on their own. Yes. But again, if you, uh, it doesn't have to be in writing, but there has to be some basis for thinking that there is such a policy. Very commonly when it's not in writing, when there's no rule or statute or regulation or directive that's alleged, the reason that the plaintiff says this is pursuant to a policy is because it's persistent and widespread. I agree. That's only one way of proving it. The other way is if there is some reason to think that this was not just a rogue incident. And I'm, I keep asking you, what is the reason why we should think that? Well, your honor, we believe that the, the amended complaint specifically states that there was a policy and that, um, this is sufficient to meet the pleading standards set forth in Iqbal and Twombly. I think the concern we have is that there is language in that. Conclusory assertions are not enough. There have to be facts that plausibly admit the inference. So our concern here is that we have one incident and we don't know what facts you're pointing to that support the conclusion that there's a policy. Can you help me? Well, your honor, it's difficult for a plaintiff to court to point to all of the facts necessary. Not all of the facts. If, are there any facts other than the one incident, which would not be enough to allow an inference that there is indeed a policy? Well, your honor, pursuant to Pembauer, a single action by a decision maker. Right. But this isn't by a decision by a policy maker. That's the concern. I mean, if you have a decision by a policy maker, I understand how that that's enough. Well, your honor, we believe that the amended complaint sufficiently alleges that there was a decision by a policy maker in the, in the first. And that's paragraph 14. Paragraphs 14 and 16, your honor. And what, what is the fact that says that he promulgated the policy? I mean, again, you've got a conclusion that it was pursuant to a policy by him, but what, what, what facts support that? Your honor, there is nothing more than what is set forth in paragraphs 14 and 16. Let me ask you, what's the good faith basis for the pleading? You needed a good faith basis to sign this pleading. What's the good faith basis? Your honor, the good faith basis is that we believe that the policies of the town of Monroe are such that this has happened before. Well, but that's not alleged in the complaint. That is not alleged in the complaint. It is not, your honor. Because, you know, again, whether or not, I could not agree with you more that there is evidence of persistent and widespread if there's something else. But you would think that if it is actually a policy of the town routinely to respond to reports of intruders or strangers with massive shows of force, that one would be able to point to at least one other case where this happened, and maybe two more than one, if this is the routine policy and that the practice, the facts of what happens on the ground are the way that one would be led to believe that this was policy rather than the choice of the particular officers or the particular commander on the scene or whoever got the report of the intruder on this occasion. But we don't have any of that to look at. That is correct, your honor. I see that my time is up, your honor. Yes, you've reserved two minutes for rebuttal, Mr. Pinto. Yes, your honor. Mr. Glass. Good morning, your honors. May it please the court. My name is Andrew Glass of Carsten and Tallberg on behalf of the town of Monroe and first electman Kenneth Kellogg. This case is about plaintiffs' conflation of a single discrete interaction with non-policy level members of the Monroe Police Department with an official policy or custom of the town. In their amended complaint and briefs and here today, plaintiffs have tendered nothing more than naked, self-serving allegations that the town had a policy, practice, or custom of responding overly aggressively and in excessive numbers or to search residential properties in response to reports from concerned citizens regarding an unknown person in a residential neighborhood. Here, you have heard and identified that counsel, who is a plaintiff in this case, has merely reiterated the plaintiff's conclusory factual allegations that the town had an official policy, practice, or custom to respond overly aggressively. However, as the district court properly concluded, the plaintiffs have fallen far short of alleging facts sufficient to anchor their claim in a municipal policy or custom to support the Minnell claim. In fact, the amended complaint and brief allege nothing more than conduct by unnamed and unidentified individual police officers, not the town or the first electman. The officers here were simply responding to a complaint, conducted a brief investigative check of the property that was identified by the neighbor as having a suspicious individual, and as acknowledged by the plaintiffs left upon speaking with the plaintiffs who were the property owner where the suspicious individual was reported. There's nothing contained in the plaintiff's complaint or brief to suggest that the town or first electman was involved in the interaction with the certain unidentified non-policy level members of the police department. As such, the town cannot be liable for this discreet interaction without sufficient identification of a municipal policy, procedure, or custom, as such liability would be adverse to the basic tenets of Minnell. Plaintiffs themselves have acknowledged that a touchstone of Minnell liability is establishing that the municipality itself caused or in some way implicated in the alleged constitutional violations. Simply saying that the municipality caused the reported violation without more, as the plaintiffs did here, is insufficient to establish Minnell liability. Defendants had to file a request for a pre-filing conference in this case with Judge Arterton. The parties appeared for a pre-filing conference prior to the motion to dismiss being filed. The deficiencies in the complaint were frankly discussed. Plaintiffs were given the opportunity to amend and took that opportunity, yet still persisted in relying on their insufficient theory that the municipality and or first electman Kellogg, who were not present at the time of the incident, had not promulgated any sufficiently alleged policy and did not take any action indicating that they condone the officer's conduct or responsible for the alleged deprivation. Plaintiffs' appeal hinges on their unsupported theory that the district court imposed a heightened pleading standard when no such standard was utilized. The appeal misconstrues the district court's ruling as the district court properly accepted all well-pled facts and determined that the plaintiffs failed to sufficiently allege the existence of a municipal policy or custom. As your honors have identified, simply saying that a municipal policy or custom exists without more than a single isolated incident with non-policy level police officers does not support a Monell claim as it does not suggest the deliberate choice of a policymaker. In fact, the discrete incident here with non-policy level officers that the plaintiffs rely on is precisely the type of interaction that does not support Monell liability as identification of a specific municipal policy or custom and or specific conduct of a policymaking official, both of which are lacking, is necessary. The requirement that plaintiffs identify a specific policy for purposes of Monell distinguishes acts of a municipality from acts of individual employees, which limits municipal liability to those instances where the municipality is actually responsible. Here, even accepting all plaintiffs' purported facts, they have pointed to nothing more than individual acts of the unidentified municipal police officers without a pattern or practice of similar conduct or any conduct actually attributable to the town or First Selectman, such that they cannot prevail on their Monell claim as properly held by the district court. Plaintiffs' circular reasoning that a municipal policy exists simply because they allege that such policy exists goes well beyond the bounds of Monell and does not support liability in this case. The district court properly held that plaintiffs' threadbare recitation of the law without further factual support was insufficient to plausibly allege a Monell claim, and in sum, without any questions from the panel, plaintiffs have attempted to establish Monell liability by conflating their discrete interaction with individual non-policy level officials of the Monroe Police Department with a formal municipal policy custom or procedure. Thus, the district court should be affirmed as the plaintiffs' insufficient allegations cannot support a Monell claim based on their single interaction with non-policy level actors from the Monroe Police Department. Thank you. Thank you, counsel. Mr. Pantuso, you have two minutes. Yes, your honor. The problem with the defendant's argument is that it is, essentially, it is imposing a heightened pleading standard upon plaintiffs. Iqbal and Connolly do not require, do not transform the federal rules into a fact pleading process. We need to simply allege enough facts to nudge it across the line to be plausible, and we believe that we have, in fact, alleged sufficient facts to nudge the claim across the line. The district court required more of the plaintiffs than was required under Rule 8 and under Iqbal and Connolly, and the district court ignored the Pembauer theory of liability and should not dismiss count one of the amended complaint as it does set forth a viable claim of municipal liability under section 1983. Accordingly, this court should reverse the decision of the district court dismissing count one of the amended complaint and remand the case for proceedings. Thank you. Thank you, counsel. We'll take the case under advisement.